IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-90-BO

SOFTEX LLC                                )
                    Plaintiff,            )
                                          )
        v.                                )          O R D E R
                                          )
LENOVO (SHANGHAI) ELECTRONICS             )
TECHNOLOGY CO. LTD., LENOVO               )
GROUP, LTD., LENOVO BEIJING, LTD.,        )
LENOVO PC HK LIMITED, and                 )
LENOVO (UNITED STATES) INC.,              )
                                          )
                    Defendants.           )

On December 14, 2022, Softex LLC ("Softex" or "plaintiff") filed suit against Lenovo

(Shanghai) Electronics Technology Co., Ltd.; Lenovo Group, Ltd.; Lenovo Beijing, Ltd.; Lenovo

PC HK, Limited; and Lenovo (United States) Inc. ("Lenovo" or "defendant") for patent infringement

in the Western District of Texas [DE 1]. On February 23, 2023, by agreement of all parties [DE 24],

this action was transferred from the Western District of Texas to the Eastern District of North

Carolina [DE 25]; [DE 26]. On March 3, 2023, Softex filed an amended complaint [DE 32].

On March 17, 2023, Lenovo filed a motion to dismiss [DE 36] and memorandum in support

[DE 37]. On April 7, 2023, Softex filed a response in opposition [DE 46], and on April 28, 2023,

Lenovo filed a reply [DE 51]. On May 3, 2023, Softex filed a motion for leave to file a sur-reply in

opposition to Lenovo's motion to dismiss [DE 52]. On May 17, 2023, Lenovo filed a response in

opposition [DE 54].

On May 23, 2023, this Court granted Softex's motion to amend the amended complaint [DE

55], and the same day, Softex filed a second amended complaint [DE 56]. On June 9, 2023, Lenovo filed a motion to stay customer suit under the customer-suit exception [DE 59]. The same day, Softex filed a motion for scheduling order and discovery conference [DE 61]. From July 14, 2023 to August 17, 2023, various procedural motions and responses were filed. *See* [DE 83]; [DE 84]; [DE 86]; [DE 94]; [DE 95]; [DE 98]; [DE 105]; [DE 106]; [DE 107]; [DE 108]. On August 7, 2023 both Lenovo PC HK Limited [DE 99] and Lenovo Group, Ltd. [DE 101] filed motions to dismiss.

On August 11, 2023, Softex filed a response in opposition to the motion to stay [DE 104]. On August 18, 2023, Lenovo PC HK Limited filed a second motion to stay [DE 109]. On August 25, 2023, Lenovo replied [DE 113] to Softex's response in opposition to the motion to stay [DE 104]. On August 23, 2023, a hearing was held before the undersigned in Raleigh, North Carolina. *See* [DE 112].

As explained below, the Court grants Lenovo's motion to stay [DE 59] and does not reach the merits of any other pending motions.

## BACKGROUND

Lenovo sells computers. *See* Second Am. Compl. [DE 56] ¶ 37. Absolute Software is a software developer that makes and sells Absolute's Persistence security software. *See* [DE 104] 8. Lenovo does not make the software accused of infringement in this case, and Absolute does not make the hardware or PCs accused of infringement. *See id.* Softex provides security software solutions internationally to both individuals and businesses. Second Am. Compl. ¶ 44. At some time after 1992, Softex served as an Independent Authorized Developer to Phoenix Technologies in developing BIOSs for computer manufacturers. *See id.* Based on this work, Softex was able to develop theft detection security technology and patented this technology. *See id.* at ¶ 44. Softex's product, TheftGuard, was unique because it embedded theft detection security software into the

2

BIOS, as opposed to the viewable parts of the hard drive, allowing for improved chances of recovering lost and stolen devices, as well as preventing data theft. *See id.* at ¶¶ 45–46.

In May 2003, Phoenix Technologies began installing TheftGuard on its OEM BIOSs, which was highly publicized by Phoenix Technologies and Absolute. *See id.* at 46. On August 5, 2022, Softex, Inc. transferred all rights, title, and interest in and to the asserted patents to Softex, LLC, recording the assignment on August 9, 2022 at reel/frame 060760/0082. *See id.* at 47.

Softex now alleges seven counts of patent infringement against Lenovo for making, testing, using, offering to sell, and selling allegedly infringing products, including Windows Functionality and/or Absolute Functionality. *See* Second Am. Compl. ¶¶ 89, 96–137.

Softex is engaged in litigation with numerous other companies, including Dell and HP, regarding Softex's technology, but most notably it is directly suing Absolute Software. *See* [DE 60] 7–9; *Softex v. Absolute Software*, CA No. 1:22-cv-01308-RP (W.D. Tex.). Because of this active litigation against Absolute Software, Lenovo seeks a stay of this case under the customer-suit exception or traditional stay factors, arguing that Absolute Software is the true defendant and thus resolving that case first will resolve nearly all of the claims in this action. *See* [DE 60] 6–7, 11–18; [DE 113] 5–6. Furthermore, Lenovo alleges that this will further the notion of judicial comity by simplifying this litigation and preserving court and party resources. *See* [DE 60] 21–22; [DE 113] 12. On the other hand, Softex contends that the customer-suit exception does not apply because Lenovo is not a "mere reseller," [DE 104] 6–7, but a manufacturer of accused products, *see id.* at 15. Furthermore, Lenovo states that the *Absolute Software* case will not dispose of the issues in Lenovo's case, and thus a stay would be inefficient and waste judicial resources. *See id.* at 17–18.

## DISCUSSION

Courts consider four factors when considering a stay: (1) the stage of the litigation, including

3

whether discovery is or will be almost completed and whether the matter has been scheduled for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and, (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court. *Biogaia AB v. Nature's Way Prod., Inc.*, No. 5:10-CV-449-FL, 2011 WL 3664350, at *1 (E.D.N.C. Aug. 18, 2011) (citation omitted).

First, this case is early in its litigation, with no set case schedule or trial date. *See* [DE 60] 22; [DE 61]. This case is only eight months old, and there has been no discovery. *See* [DE 104] 23. Thus, the first factor weighs in favor of a stay.

Second, Softex will not face undue prejudice because of the stay. Softex alleges that it will not be able to obtain necessary discovery in its other suits because Lenovo will be directly shielded by third-party discovery rules. *See id.* 20. But this is both an irrelevant and concerning argument. This Court will not encourage the filing of lawsuits against one company to allow a workaround of discovery rules to better pursue a lawsuit against another company. This would promote frivolous suits. Moreover, the second factor considers only *this* proceeding, not proceedings in other courts. Thus, the second factor weighs in favor of a stay.

Third, if the *Absolute* litigation resolves some issues in this litigation, particularly extremely time intensive and redundant issues like a Markman hearing[1] or the validity of the '649 Patent, this will preserve the parties' resources and judicial resources. *See* [DE 60] 21. A stay will then also allow for a more timely resolution when this litigation eventually resumes because Absolute will have already produced discovery about its products to Softex. *See id.* at 22. This does not result in piecemeal litigation because real issues will be resolved fully, and contradictory rulings will be

---

[1]On August 24, 2023, both parties agreed in open court that a Markman hearing would be required for this litigation.

prevented. Finally, while this Court is not prepared to determine if the customer-suit exception applies in this case, it appears plausible that Absolute is the true defendant, and Lenovo has agreed to be bound by the *Absolute* litigation. *See id.* at 12–18. Because the customer-suit exception would resolve an issue in this litigation, this also weighs in favor of a stay. Thus, the third factor weighs in favor of a stay.

Overall, because the pending litigation in the Western District of Texas may resolve many of the underlying questions of this litigation and because there is a lack of undue prejudice to Softex, the factors conclusively weigh in favor of a stay. The Court does not reach the other pending motions in light of this stay.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to stay [DE 59], and this matter is stayed. All remaining pending motions are DENIED WITHOUT PREJUDICE and may be re-filed upon the lifting of the stay. The Court DIRECTS the clerk to remove the case from the Court's active docket during the pendency of the stay. The parties are DIRECTED to file a status update within 90 days from the date of entry and every 120 days thereafter.

SO ORDERED. This **29** day of August, 2023.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE